IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHANNON MCCONNELL,

       Plaintiff,      Case No. 3:11 dp 22200

 -vs-

                  O  R  D  E  R

MARK DEBIASE, INC., et al.,

       Defendant.

KATZ, J.

   This matter is before the Court on Plaintiff's motion for rulings and her motions for reconsideration.

   This is one of over 4,200 cases pending in this multidistrict litigation docket. *See In re: DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation* (MDL 2197). In support of her motion for rulings, Plaintiff references the following motions:

   1. On 06/14/2011, predecessor Plaintiff's counsel filed a motion to remand the instant case to state court (Dkt. 5).

   2. On 06/17/2011, predecessor Plaintiff's counsel filed a motion for reconsideration (Dkt. 10).

   3. On 11/08/2011, (Dkt. 19), predecessor Plaintiff's counsel filed a motion to [sic] for reconsideration regarding Amended Case Management Order Number 5.

   4. On 11/29/2011 (Dkt. 22), predecessor Plaintiff's counsel filed a motion for clarification of CMO No. 11 or in the alternative, a motion for reconsideration of case management order number 11.

(Doc. No. 32.)

### CASE MANAGEMENT ORDERS NOS. 5 AND 11

   Plaintiff seeks reconsideration of specific Case Management Orders (CMOs) filed in the lead docket and which apply to each of the 4,200+ cases in this MDL. Amended CMO 5 addresses the

Plaintiffs' Preliminary Disclosure Form. (MDL 2197, Doc. No. 192.) CMO 11 addresses motions or scheduling orders filed prior to the transfer (by the JPML) of each case, vacating them but allowing the parties to refile the motions in their case specific docket. (MDL 2197, Doc. No. 299.)

It is Plaintiff's contention that she cannot comply with these CMOs until the Court first makes a determination on jurisdiction as presented in her motion for remand. As to her motion for reconsideration regarding CMO 11, Plaintiff asks for clarification "of whether this Court's *Case Management Order No. 11* indeed requires re-filing and re-briefing of Plaintiff's pending *Motion for Remand*." (Doc. No. 22, p. 3.)

It is axiomatic that "[f]ederal courts must determine [ ] they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007), citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94-95 (1998). In *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), the district court granted a dismissal (sought by the removing defendant) on the basis of personal jurisdiction before addressing a challenge to subject matter jurisdiction in a motion to remand by the plaintiff. The Court in *Ruhrgas* recognized that rulings on non-merits grounds before considering subject-matter jurisdiction was not surprising as it was "hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits." *Id.* at 585. *Accord Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007).

The propriety of a district court to making rulings affecting cases which have been removed prior to deciding remand motions was addressed in *In re Zyprexa Products Liability Litigation*, 594 F.3d 113 (2nd Cir. 2010). Petitioner, a Texas-based law firm, challenged the district court's rulings on the attorney compensation structure in an ongoing MDL, on the basis of subject matter jurisdiction. At the time the district judge issued orders on items such as a cap on attorney's fees or

2

the creation of a common benefit fund, multiple motions to remand were pending before the transferee court. The 2nd Circuit denied the writ of mandamus *per curiam*, but the propriety of the district court's conduct was addressed by Judge Lewis A. Kaplan in a concurring opinion where he rejected the petitioner's argument that its set aside order reached the merits and was beyond the district court's authority:

> In this case, the set aside order simply imposed an assessment in order to create a fund that could be used to compensate attorneys who demonstrate that their efforts conferred a benefit on *Zyprexa* plaintiffs generally. It is even less related to the ultimate merits than orders awarding attorney's fees, which are collateral matters over which a court retains jurisdiction even if it ultimately is determined to lack subject matter jurisdiction. . . .
>
> The district court 's determination to defer consideration of the jurisdictional challenges also was comfortably within the bounds of its discretion. While it usually is advisable for district courts to rule on any challenge to subject matter jurisdiction early in a lawsuit, district courts have broad scope to manage their own dockets in light of considerations of "economy of time and effort for itself, for counsel, and for litigants." The impact of such considerations in this case, and in some other MDL and mass tort cases, often may suggest a different course. . .

*Id.* at 127. Judge Kaplan's discussion of the unique challenges posed by complex litigation is also instructive:

> A district judge managing such a complex situation reasonably may conclude that the court's time, especially early in the litigation, is better spent on activities other than deciding scores or hundreds of individual remand motions. It often would be appropriate to conclude that many of the cases in which such motions are filed are likely to settle and that the expenditure of judicial remand motions likely would be wasted. Moreover, even if an MDL or comparable court dealt immediately with remand motions pending at a given moment, new cases and new remand motions are likely to be filed throughout the pendency of the litigation. Deciding each motion prior to addressing other issues common to all or most cases therefore could require a significant expenditure of judicial time and resources, derailing the progress of the litigation as a whole. Delays of this nature could well frustrate the purpose of MDLs, which is "to promote just and efficient conduct" of actions involving common questions of fact.

*Id.* at 128.

A court has inherent power to manage its own docket. *Link v. Wabash R. Co.* 370 U.S. 626, 630 (1962). The Federal Rules of Civil Procedure supplement that inherent power through various rules including Fed. R. Civ. P. 16(c)(2)(L)[1], which addresses complex litigation. In this case, the Court is within its discretion to issue CMOs applicable to all cases currently on its docket.

The Court has addressed, via CMO 11, the ability of all parties to re-assert motions filed prior to transfer by the JPML, so that they are properly before the transferee court. As for Plaintiff's request for clarification of CMO 11, the Court respectfully declines as that order is not ambiguous and to grant this request would be prejudicial to those parties who have already complied with this directive. Finally, it would be contrary to the notions of fairness and efficiency in this complex litigation.

## CONCLUSION

For these reasons, Plaintiff's motion for rulings (Doc. No. 32) is granted in part and denied in part. Plaintiff's motions for reconsideration of CMOs 5 and 11 (Doc. Nos. 19 and 22) are denied.

IT IS SO ORDERED.

    S/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE

---

[1] This rule allows the court to "adopt special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems."